UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREG A. WATKINS, II,                          )
                                              )
                    Plaintiff,                )
                                              )
            v.                                )      No. 2:25-cv-00544-JPH-MJD
                                              )
TRICIA PRETORIUS Warden Putnamville           )
Correctional Facility, et al.,                )
                                              )
                    Defendants.               )

**ORDER SCREENING COMPLAINT, DENYING PRELIMINARY INJUNCTION, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Greg Watkins, II, is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). He filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights in connection with his removal from a prison program that might have earned him additional credit time. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). The Court also addresses and **DENIES** Mr. Watkins's motion for preliminary injunction. Dkt. [17].

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The Court accepts Mr. Watkins's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). The complaint names as defendants (1) Warden Tricia Pretorius; (2) Unit Custody Officer Griswald; (3) Sgt. D. Foster; and (4) Sgt. M. Hilliard. Mr. Watkins is seeking compensatory and punitive damages, injunctive relief, and declaratory relief.

The complaint alleges that on July 7, 2024, Officer Griswald was unhappy that Mr. Watkins told her to speak more loudly when announcing it was "chow" time. Dkt. 1 at 7. So, she called a "fake code A-117 over the radio," which led to Mr. Watkins being restrained. *Id.* at 5. Thereafter, Sgt. Foster filed a false disciplinary charge against Mr. Watkins based on this incident. During the

2

ensuing disciplinary hearing, Sgt. Hilliard did not allow him to have a witness present to testify for him and then found him guilty of the charge in disregard of the evidence. Mr. Watkins unsuccessfully appealed the disciplinary finding at the facility and departmental levels. The finding resulted in Mr. Watkins "being removed from the program" and losing a six-month time cut. *Id.*

On March 10, 2025, Mr. Watkins filed a habeas corpus action in this Court seeking relief under 28 U.S.C. § 2254 in relation to this incident and disciplinary finding. *Watkins v. Pretorius et al.*, No. 2:25-cv-00123-JMS-MKK, dkt. 1. Originally, Mr. Watkins only alleged he lost "privileges," lost his commissary access for 15 days, and was removed from his dormitory. *Id.* After the respondents in that case moved to dismiss the action, Mr. Watkins amended his habeas petition to also allege that he was removed from the "Plus Program" at Putnamville, which resulted in him potentially losing 163 days of extra credit time. *Id.* at dkt. 13-1 at 12. On July 15, 2025, this Court dismissed the habeas action because Mr. Watkins had not suffered "grievous loss" as a result of the disciplinary finding. *Id.* at dkt. 18. Specifically, "the denial of a future opportunity to earn an earlier release via educational or other programming does not meet the custody requirement" for a federal habeas corpus action. *Id.* at dkt. 18 at 5.

In the habeas action, Mr. Watkins also filed a motion requesting that he be allowed to file a simultaneous lawsuit under 42 U.S.C. § 1983. *Id.* at dkt. 16. The Court denied this motion but noted Mr. Watkins was free to file such an action if he wished, reminding him that a complaint in such an action would be subject to screening under 28 U.S.C. § 1915A. *Id.* at dkt. 18 at 6.

3

Mr. Watkins filed this action on October 30, 2025. Dkt. 1. On February 12, 2026, he also filed a motion for an "expedited" preliminary injunction, requesting that the defendants be required "to reinstate Watkins Case Plan Credit Time ('CPCT') time cut . . . ." Dkt. 17.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, to the extent Mr. Watkins asserts that his procedural due process rights were violated in connection with his disciplinary proceeding and his removal from the PLUS or CPCT program(s), the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law . . . ." But "[o]nly statutes or rules attaching consequences to particular circumstances give prisoners liberty or property interests." *Wallace v. Robinson*, 940 F.2d 243, 246 (7th Cir. 1991). In *Wallace*, the Seventh Circuit concluded that inmates have no property or liberty interest in prison employment. *Id.* at 248. The same is true for educational programming. *Id.*; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee."); *Bradford*, 211 N.E.3d at 39 ("[E]ducational time credit for those incarcerated in the [IDOC] is not an entitlement or a guarantee. Simply put, offenders have no constitutional right to receive credit time."). Mr. Watkins, therefore, has not alleged facts to establish that his procedural due

4

process rights have been violated in connection with being removed from a program or programs that could have resulted in extra credit time. *See Epperson v. Dep't of Corr.*, No. 3:24-CV-28 DRL-AZ, 2025 WL 1432754, at *1 (N.D. Ind. May 16, 2025) (dismissing, at screening, prisoner's claim that his constitutional rights were violated based on denial of opportunity to earn additional credit time through educational programming). All procedural due process claims in this case **are dismissed**.[1]

Second, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Watkins's complaint does not allege any action on the part of Warden Pretorius that, if true, would allow the Court to infer that she is personally responsible for any injury Mr. Watkins might have suffered. In fact, there are no allegations at all regarding what Warden Pretorius did or did not do. Even

---

[1] Although not listed in the caption of Mr. Watkins's complaint, he alleges in the body of the complaint that Unit Team Manager Mikels and Deborah Reasoner at the Indiana Department of Correction main office also violated his due process rights by denying his appeals from the disciplinary finding. The conclusion that Mr. Watkins has no due process claim with respect to the disciplinary hearing and finding equally applies to these persons.

"knowledge [alone] of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages . . . can't be right."). Something more than generalized knowledge and inaction is required for personal responsibility. All claims against Warden Pretorius **are dismissed**.

Third, Mr. Watkins's allegation that Sgt. Foster filed a false disciplinary charge against him does not by itself state a claim. "Issuing false and unjustified disciplinary charges can amount to a violation of substantive due process if the charges were in retaliation for the exercise of a constitutional right." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). There are no allegations that Sgt. Foster in particular was retaliating against Mr. Watkins. All claims against Sgt. Foster **are dismissed**.

Mr. Watkins does allege, however, that Officer Griswald retaliated against him by calling a false signal because he asked her to speak louder when she announced that it was time to eat. "[O]therwise permissible conduct can become impermissible when done for retaliatory reasons." *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation

of retaliation). A First Amendment retaliation claim **shall proceed** against Officer Griswald.[2]

The claim against Officer Griswald is the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through May 22, 2026,** in which to file a motion to reconsider the screening order.

### IV. Preliminary Injunction Motion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 585 U.S. 155, 161 (2018) ("[T]he purpose of a preliminary injunction is merely to

---

[2] Mr. Watkins's complaint also alleges that he sustained lasting nerve damage to his left hand when he was seized as a result of Officer Griswald's call. However, he does not separately allege that this amounted to cruel and unusual punishment (excessive force) in violation of the Eighth Amendment, nor does the complaint clearly indicate whether any named defendant directly caused this injury. The injury may become relevant, however, in assessing damages for the retaliation claim if Mr. Watkins ultimately is successful in litigating that claim.

preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Mr. Watkins's case is proceeding on a retaliation claim against Officer Griswald. There are no allegations that Officer Griswald, the sole remaining defendant in this action, had any control over Mr. Watkins's PLUS or CPTC placement, nor that she would have the ability to return him to such a placement. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

## IV. Conclusion and Service of Process

The **clerk is directed** to terminate Tricia Pretorius, D. Foster, and M. Hilliard as defendants on the docket.

Mr. Watkins's motion for preliminary injunction is **DENIED**. Dkt. [17].

8

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Officer Griswald in the manner specified by Rule 4(d). Process shall consist of the complaint filed on October 30, 2025, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 4/24/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
        Unit Custody Officer Griswald
        (At Putnamville Correctional Facility)

GREG A. WATKINS, II
296350
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135