UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GREG A. WATKINS, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00544-JPH-MJD |
| | ) | |
| GRISWALD Unit Custody Officer, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Greg Watkins previously was a prisoner at Putnamville Correctional Facility. While incarcerated, he filed this civil action alleging he was retaliated against and subjected to excessive force. Dkt. 1. The Court screened the original complaint and determined that it stated a First Amendment retaliation claim against Unit Custody Officer Griswald and dismissed all other claims. Dkt. 29. On July 29, 2026, the Court denied Mr. Watkins's motion to reconsider its screening order but granted him until August 31 to file an amended complaint. Dkt. 48. Mr. Watkins filed an amended complaint on August 29. Dkt. 56. The Court screens the complaint before service on the defendants. *See* 28 U.S.C. § 1915A(a), (c).

On September 4, Defendant Griswald filed a motion for summary judgment asserting that Mr. Watkins's claim against her was barred because he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. Because the Court determines that Mr. Watkins's amended complaint states claims against a new defendant at Putnamville, the Court

**DENIES the summary judgment motion without prejudice**. Dkt. [60]. The motion may be refiled by Defendant Griswald alone, or together with the new defendant, Sgt. D. Foster.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Court accepts Mr. Watkins's factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting

*Twombly*, 550 U.S. at 555)). The amended complaint names as defendants Unit Custody Officer Kory Griswald and Correctional Sergeant D. Foster.

Mr. Watkins alleges that on July 7, 2024, while he was at Putnamville, Officer Griswald announced that it was time to eat. Mr. Watkins respectfully told Officer Griswald that she needed to speak louder. Officer Griswald responded by cursing at Mr. Watkins, and then she called an emergency radio signal falsely stating that Mr. Watkins had battered a staff member.

Sgt. Foster responded to the emergency signal. He yanked Mr. Watkins's arms behind his back and forcibly applied metal restraints to Mr. Watkins's hands extremely tightly. Sgt. Foster also "continued applying substantial pressure and torque to [Mr. Watkins]'s left wrist" despite Mr. Watkins being compliant and not resisting. Dkt. 56 at 3. Mr. Watkins sustained permanent nerve damage in his left wrist, causing continued numbness, pain, loss of grip strength, and functional impairment.

Sgt. Foster then filed a disciplinary complaint against Mr. Watkins, falsely asserting that he had called Officer Griswald a "bitch." *Id.* at 4. Sgt. Foster was aware that in fact, Mr. Watkins had only asked her to speak louder. Mr. Watkins suffered adverse disciplinary consequences because of the false report.

Mr. Watkins is seeking compensatory and punitive damages against both defendants.

**III. Discussion of Claims**

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Watkins has identified the theories he wishes to use—First

Amendment retaliation claims against both Officer Griswald and Sgt. Foster and Eighth Amendment excessive force claims against Sgt. Foster. Where a pro se litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Watkins's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, a First Amendment retaliation claim **shall continue to proceed** against Officer Griswald. In addition, a First Amendment retaliation claim and an Eighth Amendment excessive force claim **shall proceed** against Sgt. Foster. This summary of claims includes all of the viable claims identified by the Court.

## IV. Conclusion and Service of Process

The **clerk is directed** to add Sgt. D. Foster as a defendant on the docket.

Officer Griswald's motion for summary judgment is **DENIED without prejudice**. Dkt. [60]. The motion may be refiled by Officer Griswald, or together with Sgt. Foster if he elects to pursue the affirmative defense of failure to exhaust administrative remedies. In addition, because the motion for summary judgment is denied, Mr. Watkins's motion to correct docket text related to his response to that motion is **DENIED as moot**. Dkt. [66]. The motions at dockets 51 and 52 remain under advisement.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Sgt. D. Foster in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on August 29, 2026, dkt. [56], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/21/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
Sgt. D. Foster
(At Putnamville Correctional Facility)

All ECF-registered counsel of record via email

GREG A. WATKINS, II
3530 North 100 East
Williamsport, IN 47993